```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

VON L. OVERSTREET                               CIVIL ACTION

VERSUS                                          NO. 06-2425

TANGIPAHOA PARISH SHERIFF'S                     SECTION "I"(5)
OFFICE, ET AL
```

## REPORT AND RECOMMENDATION

Plaintiff, Von L. Overstreet, is a prisoner currently incarcerated in a federal correctional facility located in Beaumont, Texas. Plaintiff filed this action, pursuant to 42 U.S.C. §1983, complaining that when he was transferred from the East Baton Rouge Prison to the Tangipahoa Parish Jail, his medications, in particular his insulin, was not transferred along with him. Plaintiff has named several entities as defendants, including the Tangipahoa Parish Sheriff's Office. This matter is before the court pursuant to a motion to dismiss filed on behalf of the Tangipahoa Parish Sheriff's Office. For the following reasons, it is **HEREBY RECOMMENDED** that the instant motion to dismiss be **GRANTED**.

In evaluating a motion to dismiss under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, the court must construe a plaintiff's complaint liberally and must accept all facts pleaded in the complaint as true.  Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000), citing Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).  A complaint may not be dismissed under Rule 12(b)(6) ". . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id., quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

It is well-established that a sheriff's office, such as the Tangipahoa Parish Sheriff's Office, "is not a legal entity capable of being sued...."  See Cozzo v. Tangipahoa Parish Council--President Government, 279 F.3d 273, 283 (5th Cir. 2002).  Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that the motion to dismiss filed on behalf of the Tangipahoa Parish Sheriff's Office be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this __30th__ day of __August__, 2006.

                                                                    _____
                                                                      ALMA L. CHASEZ
                                            UNITED STATES MAGISTRATE JUDGE