UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VON OVERSTREET                                        CIVIL ACTION

VERSUS                                                NUMBER: 06-2425

TANGIPAHOA PARISH SHERIFF'S                           SECTION: "I" (5)
OFFICE, ET AL.

## REPORT AND RECOMMENDATION

Presently before the Court are: 1) the motion to dismiss and, alternatively, motion for summary judgment of defendants, the United States Marshal Service for the Middle District of Louisiana ("USMS"), Supervisory Deputy Michael Credo ("Credo") of the USMS, and Criminal Program Specialist Barbara Junius ("Junius") of the USMS; and 2) the requests for injunctive relief of plaintiff, Von Overstreet. (Rec. docs. 35, 37, 38). For the reasons that follow, it is recommended that defendants' motion be granted and that plaintiff's requests for injunctive relief be denied.

## I.   Procedural History

Von Overstreet, pro se plaintiff herein, originally filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983 in the United States District Court for the Middle District of

Louisiana. (Rec. doc. 1).  Plaintiff named various defendants in his original complaint, including the Tangipahoa Sheriff's Office ("TPSO"), the City of Amite, the Warden of the Tangipahoa Parish Jail and five correctional officers employed there, as well as the USMS and Credo. (Rec. docs. 1–9).  Plaintiff complained of a denial of needed medical care, grievance procedures, and access to the law library, as well as generally inadequate living conditions, while he was an inmate at the Tangipahoa Parish Jail. (<u>Id</u>.).  On May 16, 2006, the case was transferred to this District after the Middle District found that most of the events giving rise to plaintiff's lawsuit occurred here. (Rec. doc. 1).   The Court subsequently granted plaintiff <u>in</u> <u>forma</u> <u>pauperis</u> status, with service of plaintiff's complaint to be effected by the USMS. (Rec. doc. 2).   Personal service was made upon Credo, among other defendants. (Rec. docs. 7–15).  Before an answer was filed, plaintiff amended his complaint to add Junius, among others, as an additional defendant for her alleged failure to supply plaintiff with eyeglasses and to order other necessary medical supplies. (Rec. doc. 3).

Defendants, the USMS, Credo, and Junius, have now filed a motion to dismiss and, alternatively, motion for summary judgment under Rule 12(b) and 56(c) of the Federal Rules of Civil Procedure. (Rec. doc. 35). Plaintiff was given until October 11, 2006 to respond to the motion. (Rec. doc. 36).  Plaintiff, however, failed

to do so, but instead filed a request for injunctive relief pertaining to the acts of officials at the federal correctional facility in Beaumont, Texas, where he is currently being held. (Rec. docs. 37, 38).  Plaintiff again alleged a denial of needed medical care, inadequate access to the law library, and substandard living conditions at his present place of confinement at the hands of Warden John Fox, "Mr. Woody", "Ms. Tomblin", "H. Shaw", "Ms. Miller", and "Mrs. A. Kelley", none of whom have been named as defendants in this lawsuit.  (Id.).

## II.  Service of Process

Defendants first seek the dismissal of plaintiff's complaint pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure which provide that insufficient process or insufficient service of process can be grounds for the dismissal of a complaint. Once a party contests the validity of service under either of these subparts of Rule 12, the serving party must then establish the propriety of service.  Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992).

The moving defendants argue that service upon them was insufficient for the following reasons: (1) service upon Credo was untimely and improper in that the U.S. Attorney General and the U.S. Attorney have never been served with plaintiff's complaint; (2) no service was made on the USMS; and (3) no service was made on Junius.  Federal Rule of Civil Procedure 4(m) provides that a court

3

may dismiss a case if no service is made upon the named defendants within 120 days after the complaint is filed.  However, courts recognize an exception to Rule 4(m) and allow the 120-day time period to be tolled during the time a court considers an application to proceed <u>in forma pauperis</u> ("IFP"), not from the date when the plaintiff originally tendered the complaint to the court for filing.  <u>Ellis v. Principi</u>, 223 F.R.D. 446, 447 (S.D. Miss. 2004)(citing <u>Lowery v. Carrier Corp.</u>, 953 F.Supp. 151, 156 (E.D. Tex. 1997)).

In the present case, plaintiff's complaint was "filed" by the Middle District Court on October 24, 2005 but service was not effected upon Credo until June 5, 2006, well over 120 days later. (Rec. docs. 1-9, p. 1; 14; 15).  The Middle District Court, however, deferred ruling on plaintiff's IFP request until the case was transferred here and plaintiff was granted IFP status on May 19, 2006.  (Rec. docs. 1-1, p. 2; 2).  Only then was summons issued by the Clerk's Office for service purposes. Under the jurisprudence cited above, service upon Credo was therefore timely because he was served within three weeks after the Court granted plaintiff's IFP application.

Defendants also argue that service was insufficient as to Credo because neither the U.S. Attorney General nor the U.S. Attorney were served and that no service efforts whatsoever have been undertaken with respect to the USMS or Junius.  When a United

States officer or employee is sued in either his official or individual capacity, Federal Rule of Civil Procedure 4(i) requires that the U.S. Attorney General and the local U.S. Attorney must be served in addition to the officer or employee being sued. Rule 4(i)(2)(A) similarly provides for a three-part service effort when an agency of the United States is the named defendant. Yet the responsibility for following proper service procedures in the present case rested with the USMS, not with the plaintiff. Title 28 U.S.C. §1915(d) provides that "[t]he officers of the court shall issue and serve all process" and Rule 4(c)(2) mandates that the USMS be appointed to effect service on behalf of a person who has been authorized to proceed IFP. Because the foregoing statute and rule require the USMS to effect service for an <u>in forma pauperis</u> plaintiff, courts should not penalize such a plaintiff for the Marshals's failure to effect proper service when the failure is not attributable to the plaintiff himself. <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1109-10 (5th Cir. 1987). Failure to serve the government is included in this exception. <u>Abuhouran v. Acker</u>, 2005 WL 1532496 at *3 (E.D. Pa. 2005). However, reliance on the USMS does not entitle an <u>in forma pauperis</u> plaintiff to remain silent in the face of apparent service defects. <u>Rochon</u>, 828 F.2d at 1110. <u>See also</u> <u>Jones v. Strain</u>, 2006 WL 2604664 at *5 (E.D. La. 2006). Under <u>Rochon</u>, an IFP plaintiff must attempt to remedy any apparent service defects. <u>Rochon</u>, 828 F.2d at 1110.

5

Because plaintiff is proceeding herein IFP, he was entitled to rely on the Clerk's Office and the USMS to properly issue and serve all process.   As respects defendant Credo, although he was personally served with a copy of plaintiff's complaint on June 5, 2006, the record is silent as to whether process was issued and served on the U.S. Attorney General or the local U.S. Attorney. Plaintiff named the "U.S. Marshal (Baton Rouge)" as a defendant in the caption of his complaint but the summons that was issued by the Clerk's Office was directed only to the "U.S. Marshal" and was subsequently returned unexecuted with the notation "[n]eed to be more specific/no name or district listed." (Rec. docs. 1-9, p. 1; 6).   Defendant Junius was added as a defendant via plaintiff's amended complaint but it does not appear that summons was ever issued on that supplemental pleading, nor was it forwarded to the USMS for service purposes.   Plaintiff cannot be charged with defects in the issuance and service of process when those duties were not his responsibility.

### III. Civil Rights Claims

Rules 12(b)(1) and (6) and 56(c) of the Federal Rules of Civil Procedure allow a defendant to challenge the court's subject matter jurisdiction to hear a particular claim and to test the legal sufficiency of a claim as originally pled or as subsequently developed through discovery and by reference to materials outside of the pleadings.   When faced with a motion brought under Rule

6

12(b)(1), the party asserting jurisdiction bears the burden of establishing its existence but a lawsuit should be dismissed on that basis only if it appears that the plaintiff cannot prove any set of facts in support his claim that would entitle him to relief. Rivera v. State of Louisiana, 2006 WL 901826 at *2 (E.D. La. 2006). Under Rule 12(b)(6), a court must accept all well-pleaded facts as true and must view the facts in the light most favorable to plaintiff, dismissal being appropriate only if plaintiff can prove no set of facts that would entitle him to relief.    Id. at *4. Finally, Rule 56(c) mandates the entry of summary judgment when a plaintiff, in the face of such a motion, fails to present sufficient evidence supporting any essential element of his case, thereby presenting no genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53 (1986).  The insufficiency of the evidence must be such that it would prevent a rational finder of fact from finding for the non-moving party.  Phillips Oil Co. v. OKC Corp., 812 F.2d 265, 272-73 (5th Cir.), cert. denied, 484 U.S. 851, 108 S.Ct. 152 (1987).

Defendants properly point out that the Court lacks subject-matter jurisdiction over the USMS.  As a federal agency, the Marshals Service is immune from private suits for damages based on sovereign immunity.  See F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994); Trapp v. United States Marshal's Service, 139 Fed.Appx. 12, 14 (10th Cir. 2005). The same holds true with

7

respect to plaintiff's claims against Credo and Junius in their official capacities. Id. Therefore, the claims against the USMS and against Credo and Junius in their official capacities must be dismissed.

To the extent that plaintiff's complaint can be read as asserting claims against Credo and Junius in their individual capacities, plaintiff's claims, if any, arise under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971); Affiliated Prof. Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999). In defense thereto, Credo and Junius have raised the doctrine of qualified immunity. A federal officer sued in his individual capacity may raise the qualified immunity defense unless the officer's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).

As noted earlier, despite having been ordered to file a response to defendants' motion, plaintiff has failed to do so. That failure amounts to a violation of Rule 41(b) of the Federal Rules of Civil Procedure. See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir.), cert. denied, 522 U.S. 875, 118 S.Ct. 195 (1997)(citing Rule 41(b), Fed.R.Civ.P.). Accordingly, it will be recommended that plaintiff's claims against Credo and Junius in their individual capacities be dismissed for failure to prosecute under Rule 41(b).

8

**IV.  Plaintiff's Requests for Injunctive Relief**

In lieu of filing an opposition to defendants' motion as was ordered by the Court, plaintiff filed two separate motions for injunctive relief, seeking to enjoin acts committed by various federal prison officers working at the correctional facility in Beaumont, Texas, where plaintiff is presently housed.  Among the acts mentioned in the motions were illegal confinement, sexually harassing "pat down" searches, denial of access to the law library, and denial of adequate food and medication.  (Rec. docs. 37, 38). In order to have jurisdiction to issue an injunction, however, a district court must have in personam jurisdiction over the person to whom the injunction is directed.  Warden of the Wisconsin State Prison v. Zajackowski, 541 F.2d 177, 179 (7th Cir. 1976).  Here, the Court does not have personal jurisdiction over the prison officials named in plaintiff's motions.  Nothing in the record suggests that the named Texas correctional officials transacted business in this State, have ever visited the State, or have otherwise engaged in conduct within the State sufficient to subject themselves to the Court's jurisdiction consistent with notions of due process.  Paz v. Brush Engineered Materials, Inc., 445 F.3d 809, 812 (5th Cir. 2006).  Because the Court lacks jurisdiction to grant plaintiff the injunctive relief he seeks, his requests for same should be denied.

**RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that defendants'

motion to dismiss and, alternatively, for summary judgment be granted in part, dismissing plaintiff's claims against the USMS and against Credo and Junius in their official capacities with prejudice.

IT IS FURTHER RECOMMENDED that plaintiff's claims against Credo and Junius in their individual capacities be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

IT IS FURTHER RECOMMENDED that plaintiff's requests for injunctive relief be denied.

A party's failure to file written objection to the proposed findings, conclusions, and recommendation contained in a magistrate judges's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this _13th_ day of _____February_____, 2007.


_____
UNITED STATES MAGISTRATE JUDGE