UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VON L. OVERSTREET                        CIVIL ACTION

VERSUS                                   NUMBER: 06-2425

TANGIPAHOA PARISH SHERIFF'S OFFICE,      SECTION: "I"(5)
ET AL.

## REPORT AND RECOMMENDATION

Pro se plaintiff, Von L. Overstreet, originally filed this civil rights action in the United States District Court for the Middle District of Louisiana in which he complained of the conditions of confinement allegedly existing at the Tangipahoa Parish Jail where he was housed while he was being prosecuted on a firearm-related charge emanating out of that District. See U.S. v. Overstreet, No. 05-CR-103-A, U.S.D.C., M.D. La. Ultimately, the case was transferred to this District when it was determined that the majority of the events giving rise to plaintiff's lawsuit occurred here. (Rec. doc. 1). Since that time, plaintiff's claims against the Tangipahoa Parish Sheriff's Office, the United States

Marshal's Service ("USMS"), and Deputy Credo and Specialist Junius of USMS have been dismissed.  (Rec. dos. 32, 43).  Most recently, plaintiff was incarcerated at a Bureau of Prisons facility in Beaumont, Texas ("FCI Beaumont Medium").

On March 27, 2007, the Court scheduled a status conference to be conducted via telephone on April 18, 2007 at 2:00 p.m.  (Rec. doc. 45).  The day before the conference, a correctional official at FCI Beaumont Medium advised the undersigned's office that plaintiff was scheduled to be transferred to a halfway house the following day.  Accordingly, the status conference set for April 18, 2007 was cancelled, same to be rescheduled after plaintiff advised the Court of his new mailing address and phone number.  (Rec. doc. 51).  When over thirty days had passed and plaintiff had not updated his mailing address as he is required to do,[1]/ the Court issued an order directing plaintiff to provide the Court with his new mailing address on or before June 15, 2007.  (Rec. doc. 52). The Court has since confirmed with officials at FCI Beaumont Medium that the Court's two most recent orders were forwarded to plaintiff at his new housing location.  Plaintiff, however, has failed to provide the Court with a current mailing address.

As noted above, Local Rule 11.1E imposes an affirmative

---

[1]/ Drawing on Rule 11(a) of the Federal Rules of Civil Procedure, Local Rule 11.1E provides that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change."

obligation on parties to keep the Court apprised of their current mailing address so as to relieve court personnel of that burden. The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table).  Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order.  Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

Plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the fifth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1-9, p. 5).  The Court must therefore assume that plaintiff has no further interest in prosecuting this case.  As plaintiff is proceeding pro se in this matter, this failure is attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's

3

suit be dismissed for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure, and Local Rule 11.1E.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __5th__ day of _____July_____, 2007.


_____
UNITED STATES MAGISTRATE JUDGE